### PEOPLE v. COMMERCIAL BANK.

#### In re DYKMAN.

(Supreme Court, Appellate Division, Second Department. June 23, 1896.)

APPEAL—WHO MAY APPEAL.

The stockholders of a corporation are not necessary parties to an application by the receiver appointed in dissolution proceedings for leave to sue such stockholders, and therefore they cannot appeal from an order granting leave to sue.

Appeal from special term, Kings county.

Application by William N. Dykman, as receiver of the Commercial Bank, for an injunction continuing the liability of stockholders and directors. From an order directing the receiver to sue certain directors of the bank, said directors appeal. Dismissed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Jesse Johnson and Henry M. Dater, for appellants.

Robert Stewart, for respondents.

PER CURIAM. While the appellants are stockholders of the bank, and therefore interested in the conservation of its assets, and to prevent their waste in fruitless or unfounded litigation, still it is apparent that it is not in that relation that they either resisted the application at the special term or now appeal from the order there made, but in their position as directors and as defendants in the suit directed to be brought. Had they objected from their position as stockholders, it may well be that the court at special term

would have provided for their indemnity against any share of the expense of the suit which might otherwise fall on them. In their relations as proposed defendants to the action to be brought we are clear that they have no standing to maintain this appeal. They were not necessary parties to the application. The receiver might bring the action without application to the court. That application was merely to obtain the instruction of the court, so as to protect the receiver, not as against the parties to be proceeded against, but as between him and his cestuis que trustent, the creditors and stockholders. Neither the receiver nor the creditors or stockholders have appealed from the order of the special term, and they in law are the only parties in interest.

We have not examined, nor shall we pass upon, the question of the liability of the defendants in the proposed action. It is not proper that we should foreclose ourselves from determining, untrammeled, that question when it arises in the action. It may be that in a wholly frivolous proceeding, brought by a receiver dishonestly for the purpose of harassing the parties proceeded against, we would intervene, even at the instance of such parties alone. While we appreciate the very considerable sacrifices that, on the record before us, it appears that the directors of the bank made to sustain its credit and solvency, still it is apparent that the suit to be instituted is not brought in bad faith. The question of the liability of the appellants must, therefore, be left to the trial of the action against them.

The appeal should be dismissed, with $10 costs and disbursements. All concur, except PRATT, J., not voting.